IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRYCK DECUIR,** | : | |
| Petitioner | : | |
| | : | No. 1:22-cv-00870 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN J. SAGE,** | : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which Petitioner Derryck Decuir ("Decuir") challenges a 2022 disciplinary sanction imposed by the United States Bureau of Prisons ("BOP"). For the reasons discussed below, the Court will dismiss the petition with prejudice as procedurally defaulted.

**I.   BACKGROUND**

Decuir is currently incarcerated in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") pursuant to a prison sentence imposed by the District of Columbia Superior Court. (Doc. No. 1 at 1.) On April 5, 2022, prison staff in FCI-Schuylkill conducted a mass search of Decuir's housing unit, during which they found a white paper in Decuir's cell that tested positive for the presence of amphetamines. (Doc. No. 7-1 at 10.) Decuir was charged with possession of drugs or alcohol in violation of BOP disciplinary regulations. (Id.) The matter was referred to a disciplinary hearing officer ("DHO"), who conducted a hearing on April 12, 2022. (Id.) The DHO determined that Decuir committed the prohibited act as charged and sanctioned him to 41 days lost good conduct time, 30 days of disciplinary segregation, and 8 months loss of email and visitation privileges. (Id. at 21-22.)

Decuir filed the instant petition on May 27, 2022, and the Court received and docketed the petition on June 2, 2022. (Doc. No. 1 at 8.) Decuir asserts that he is entitled to restoration of

his good conduct time because the BOP did not give him advance written notice of the disciplinary charges against him prior to the disciplinary hearing and because the BOP did not comply with BOP policies in imposing the disciplinary sanction. (Id.) Decuir admits that he did not exhaust administrative remedies prior to filing the petition, but he argues that exhaustion should be excused because (1) it is "clear and unambiguous" that the BOP violated his due process rights and (2) he would suffer irreparable harm if he were made to exhaust administrative remedies because he "will serve the entire punishment of the loss of his visitation and email" privileges. (Doc. No. 2 at 2.) Decuir acknowledges that "the paperwork indicates that [he] received an advisement of his rights on 4-08-22," but Decuir provides a sworn affidavit from himself stating that he was never actually given such an advisement of his rights. (Doc. No. 2 at 3; Doc. No. 2-2 at 1.)

Respondent, Warden J. Sage, the warden at FCI-Schuylkill ("Respondent") responded to the petition on July 14, 2022. (Doc. No. 7.) Respondent argues that the petition should be dismissed for failure to exhaust administrative remedies or, alternatively, that it should be denied on its merits. (Id.) Decuir filed a reply brief on July 29, 2022, making the petition ripe for review. (Doc. No. 8.)

**II.   DISCUSSION**

28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources;

and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." See id. at 762. Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. See id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." See id. § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. See id. § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." See id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id. The General Counsel's response is due within forty (40) calendar days; however, the time period for response may be extended by twenty (20) days. See id. § 542.18.

In this case, Decuir concedes that he failed to exhaust administrative remedies, but he argues that exhaustion should be excused because the BOP clearly and unambiguously violated his due process rights and because he would suffer irreparable harm if he had to exhaust administrative remedies.  (Doc. No. 2.)[1]

Decuir's arguments are unavailing.  First, the Court disagrees that the alleged violation of his due process rights is "clear and unambiguous."  Decuir's due process claim is that he was not given advance written notice of the disciplinary charges against him prior to the disciplinary hearing, but the BOP's administrative record indicates that he was given such notice.  See (Doc. No. 1 at 6; Doc. No. 2-1 at 2; Doc. No. 7-1 at 13-14, 20).  Although Decuir states in a sworn affidavit that he did not actually receive notice, see (Doc. No. 2-2 at 1), this affidavit at best creates a factual question as to whether Decuir's due process rights were violated.  It does not, as Decuir contends, show that the BOP clearly and unambiguously violated his due process rights such that exhaustion of administrative remedies should be excused.

Decuir's second argument—that he would suffer irreparable harm if he had to follow the administrative exhaustion process—is without merit.  The irreparable harm that Decuir would allegedly suffer is that he would have to serve the entirety of his loss of visitation and email sanctions if he had to go through the administrative exhaustion process.  Thus, Decuir argues that the issuance of a disciplinary sanction obviates the need to exhaust administrative remedies with respect to that disciplinary sanction.  Accepting this argument would essentially eliminate the administrative exhaustion requirement in any case where a petitioner was given a disciplinary

---

[1] Decuir also asserts that exhaustion would be futile, but he does not develop this argument and appears to treat it as part of his clear and unambiguous violation argument.  See (id.).  Accordingly, the Court will not analyze his futility argument separately.

sanction. This Court will not take such a step and accordingly rejects Decuir's irreparable harm argument.[2]

Having rejected Decuir's attempts to excuse the administrative exhaustion requirement, the Court will dismiss this case with prejudice. Under 28 C.F.R. § 542.14(a), Decuir needed to file a formal written grievance within twenty days of the disciplinary hearing that gives rise to his claims. That deadline passed approximately six months ago, and his claims for habeas corpus relief are accordingly procedurally defaulted. See Moscato, 98 F.3d at 762.

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Decuir's petition for writ of habeas corpus with prejudice as procedurally defaulted. An appropriate Order follows.

---

[2] Decuir additionally argues in his reply brief that the exhaustion requirement "should be abolished" for Section 2241 habeas corpus petitions. (Doc. No. 8 at 1.) This argument was improperly raised in a reply brief and is without merit in any event because binding precedent requires this Court to apply the administrative exhaustion requirement in the Section 2241 context. See, e.g., Moscato, 93 F.3d at 760.